THE STATE OF NEW JERSEY. RESPONDENT, v. WALLACE CLOSE ET AL., PROSECUTORS.

Argued November 6, 1918—Decided February 18, 1919.

1. An indictment of a licensing body for misfeasance in office, in corruptly acquitting P. of Sunday sale of liquor in violation of section 10 of the act of 1889, page 82, as amended by *Pamph. L.* 1906, *p.* 201 (the "Bishops' act") fails to charge a crime without averments (*a*) that P. was in fact guilty of such offence; (*b*) that defendants were satisfied by the evidence of his guilt; (*c*) that they voted to acquit with some specific intent incompatible with the due administration of justice.

2. The adverbial phrases "not regarding their duty, but unlawfully, willfully, wrongfully, maliciously, corruptly, designedly, and in defiance of their lawful duty and the requirements of good order and government" do not charge such specific intent. *State* v. *Sweeten*, 83 *N. J. L.* 364, distinguished.

On *certiorari.* On motion to quash indictment.

Before Justices PARKER and MINTURN.

For the state, *Michael Dunn,* prosecutor of the pleas.

For the prosecutors, *William I. Lewis* and *Peter J. McGinnis.*

The opinion of the court was delivered by

PARKER, J. The question raised on this motion is whether a certain indictment found in the Passaic Oyer is so plainly defective that no valid judgment could be rendered thereon in case of a finding of guilty.

The evident intent of the indictment is to charge the defendants as members of the board of aldermen of the city of Paterson, and *ex-officio* invested with jurisdiction to grant liquor licenses and in proper cases revoke the same, with having corruptly acquitted one Petrosi, a licensed liquor seller,

on a charge of Sunday selling, knowing him to be guilty thereof, and for the purpose of preventing a forfeiture of his license which a conviction on such charge would necessarily entail. *Comp. Stat., pp.* 2907, 2908, *pl.* 83. If such facts were properly stated in the indictment, we should have no difficulty in denying this motion. The licensing body ·acts judicially on such a hearing; and if its members act in willful, intentional and corrupt disregard of the known law and known facts, they are indictable. *State* v. *Sweeten,* 83 *N. J. L.* 364.

The question, then, is whether such essential facts are properly pleaded. The indictment adequately alleges that at the time when, &c., the defendants were members of said board; its power in the premises; that they had previously granted a license to Petrosi which was then in force. Then follow allegations that complaint was duly made before them that Petrosi had, on a certain date, been guilty of selling liquor on Sunday to two named persons; that the board made a rule to show cause pursuant to the statute; that such rule was served as required by law, and that on the return thereof, hearing was had and evidence was taken, "which showed" that on the day in question Petrosi sold liquor as charged; and "there was also evidence" that on the next day he was charged with such offence before the city recorder, and that on an adjourned day pleaded guilty to such charge and was sentenced to pay a fine; that on the hearing before the board no evidence was offered on behalf of Petrosi, and the matter was then submitted for their action and decision, whereupon the defendants (naming them) being a majority of said board, *not regarding their duty, but unlawfully, willfully, wrongfully, maliciously, corruptly, designedly and in defiance of their lawful duty and the requirements of good order and government,* did by their votes decide that said Petrosi was not guilty, &c., and thereby the said order to show cause was discharged, and the license was not forfeited, &c. We have italicized part of the above for convenience of reference.

We think it quite obvious that if the italicized words were

omitted, the indictment would charge no criminal offence, but simply allege that at the hearing there was evidence taken "which showed" Petrosi's guilt of the charge, and "evidence" given to the effect that he had pleaded guilty before the recorder and had been fined; and that the result on the forfeiture hearing was an acquittal. The indictment lacks any allegation that Petrosi was in fact guilty, or that the defendants were satisfied of his guilt by the evidence taken on the hearing, or that they voted to acquit for the specific purpose of obstructing justice in some way, which, of course, is the gist of the offence claimed.

The remaining question, then, is whether the adverbial phrases italicized above suffice as an allegation of the missing elements of the intended charge. Plainly, there is nothing in them which alleges that Petrosi was in fact guilty of the Sunday selling in question; and without this the license should not be forfeited, as by the statute the forfeiture is predicated upon the actual commission of the offence. *Comp. Stat., p.* 2907, *supra.* Nor, as we think, does it appear on the face of the indictment that the defendants were satisfied of his guilt. Logically, perhaps, they should have been so satisfied by evidence which "showed" it; but many an honest juror by reason of a dull wit, or natural obstinacy, or other subjective cause, fails to reach the mental result that he should.

Stripped of superfluities, then, the allegations amount to this: That the defendants, acting judicially, heard a complaint against Petrosi and evidence was produced which "showed" his guilt; and thereupon the defendants not regarding their duty, &c., but unlawfully, &c., voted to acquit him.

This plainly lacks the specific statements of knowledge and unlawful intent, which led this court to sustain the indictments considered in *State* v. *Sweeten, supra.* These were, in one case (83 *N. J. L.* 368), that the defendants intended to maintain the number of inns, &c., in defiance of good order and government, and did wrongfully and corruptly, &c.; and, in the other, that they corruptly, &c., intended to oppress, injure, hurt and aggrieve the applicant by color of their office.

Such an averment in a case of this kind, we deem essential, for, as we have said, knowledge of the party's guilt and a corrupt intent to spare him in spite of the requirements of justice, are the gist of the offence. Such intent should be specifically stated. *Rex* v. *Phillipps*, 6 *East* 464 (at *pp.* 474, 475); *Commonwealth* v. *Hersey*, 2 *Allen* 173 (at *p.* 180); *State* v. *Seran*, 28 *N. J. L.* 519; 1 *Chit. Crim. L.* 245.

The classic precedents in similar cases illustrate the rule. In 2 *Chit. Crim. L.* 239, 244, an information against justices for corruptly discharging a vagrant already committed, the intent charged is to pervert the due course and administration of law and justice, and for private gain, &c., and also (at *p.* 243) to permit the vagrant to go at large. On *pp.* 244, 249 the same charge of intent occurs in an indictment for taking insufficient bail. On *p.* 251, in an indictment for granting a license, the charge is that it was done corruptly, &c., "well knowing that such license * * * had been refused" by other justices. On *pp.* 253, 254 is an indictment for partiality in refusing a license "intending to oppress, injure, hurt and aggrieve said B. H. by color of his office and * * * from motives of private partiality and favor unto one R. S." A similar form to the last is found in 4 *Went. Pl.* 364; and to the last but one in 6 *Id.* 455.

It was properly observed in the opinion by Chief Justice Bigelow, in *Commonwealth* v. *Hersey, supra*, that "it would be giving too much force to mere precedents of forms, which often contain unnecessary and superfluous averments, to hold that a particular allegation is essential to the validity of an indictment, because it has sometimes, or even generally, been adopted by text-writers or by cautious pleaders." But this observation was made in a case of administering strychnine knowing it to be a deadly poison; a case where, as the court said, the knowledge and act combined necessarily implied the intent; and a quite different case from the present one, where knowledge is not even averred and the act in itself is presumably lawful. *Morris and Essex Railroad Co.* v. *State*, 36 *N. J. L.* 553.

We consider that the italicized words do not amount to an allegation either of actual guilt, of defendants' knowledge thereof or of specific guilty intent, and that the decision in *State* v. *Sweeten, supra,* is therefore inapplicable.

For the reasons stated above, the indictment must be quashed, as it fails to charge a crime.